■ In the Matter of ANTHONY P. MESSINA, Appellant, v MICHAEL J. CODD, as Police Commissioner of the New York City Police Department, et al., Respondents.—Judgment of the Supreme Court, New York County, entered June 6, 1975, dismissing petition brought pursuant to article 78, unanimously affirmed, without costs and without disbursements. This court recognizes the sacrifice of petitioner, a wounded Viet Nam veteran, who seeks appointment now as a police officer to the Police Department of the City of New York based upon his application therefor filed prior to his Army induction. Although found qualified for limited duties by the Civil Service Commission after return from military service, he has no vested rights under Military Law (§ 243), Civil Service Law (§ 55), or Executive Law (§ 296). Nor does *Crawford v Cushman* (531 F2d 1114), provide any avenue for relief, applying as it does to a charge of sex discrimination occurring subsequent to induction of petitioner therein into military service in the United States Marines. In the case before us, petitioner although found eligible as aforesaid, was never appointed as a police officer. In its decision, the court below assumed that the police commissioner had adopted "a departmental policy in effect to reject all disabled veterans". It found there was persuasive evidence that petitioner's disability rendered him incapable of fully performing the duties of a police officer. We agree that the police commissioner "is under no statutory or constitutional obligation to appoint patrolmen who can perform only some of the functions of the title" and that his rejection of petitioner's application for appointment "was not arbitrary, capricious, illegal or an abuse of discretion." The fact one exception to this policy was made, i.e., a veteran with comparable physical limitation holds the position of patrolman, cannot support a charge of discrimination, inasmuch as it appears that person *was* a member of the department prior to his induction into the armed services. We note that the police commissioner was sympathetic to the petitioner's predicament, and despite his decision not to appoint petitioner as a police officer, offered him appointment to certain Federally funded positions with the police department, which, however, petitioner chose not to accept. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.